**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TONYA COLEMAN LEE | ) | |
| 1611 Mystic Avenue | ) | |
| Oxon Hill, MD 20745 | ) | |
| | ) | |
| Plaintiff | ) | Case No. |
| vs. | ) | |
| | ) | |
| NATIONAL ASSOCIATION OF | ) | |
| FORMER FOSTER CARE CHILDREN | ) | |
| OF AMERICA | ) | **JURY TRIAL DEMANDED** |
| 680 Rhode Island Avenue NE | ) | |
| Washington, DC 20002 | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Tonya Coleman Lee ("Plaintiff"), by and through her counsel, Bailey & Ehrenberg PLLC, brings this action pursuant to the Age Discrimination and Employment Act (the "ADEA"), 29 U.S.C. § 621(c)(1), and state law, and for her Complaint states as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action for injunctive relief and damages and to secure protection of and to redress the deprivation of rights secured by the ADEA, and for violations of the common law of the District of Columbia and Sections 32-1303 and 1308 of the District of Columbia Code.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331, because it involves an action arising under federal law. This Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367(a),

inasmuch as the state law claims are so related to the federal claim in this action that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES AND BACKGROUND

4. Plaintiff is a 43 year old adult female residing at 1611 Mystic Avenue, Oxon Hill, MD 20745.

5. By virtue of her employment with Defendant, Plaintiff was at all relevant times an "employee" within the meaning of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621, *et seq*. Plaintiff had no prior history of disciplinary action, from the inception of her employment with Defendant through the termination of her employment with Defendants.

6. Defendant National Association of Former Foster Care Children of America ("NAFFCCA") does business in this District and is located at 680 Rhode Island Avenue NE, Washington, DC 20002. According to its website, NAFFCCA holds contracts with the District of Columbia Child and Family Services Agency. NAFFCCA is, and was at all relevant times, an "employer" within the meaning of the ADEA. NAFFCA is, and was at all relevant times, engaged in an industry affecting commerce and had fifteen or more employees for each working day in all calendar years since at least 2000.

7. On November 14, 2003, Plaintiff began working for NAFFCCA as a residential aide.

8. On December 19, 2004, NAFFCCA wrongfully accused Plaintiff of failing to follow work place procedures and subsequently terminated her employment.

### Count I (Violation of Title ADEA)

9. Plaintiff incorporates and realleges paragraphs 1 through 6 of the Complaint as if fully set forth herein.

10. On or about March 21, 2005, Plaintiff filed a charge of discrimination alleging a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 6321, *et seq.*, (the "ADEA") with the Washington D.C. Field Office of the Equal Employment Opportunity Commission.

11. More than sixty days have passed since Plaintiff filed her charge of discrimination and Plaintiff has met all administrative prerequisites to filing an action arising under the ADEA.

12. NAFFCCA is in an industry affecting commerce, as defined in Section 11(h) of the ADEA, 29 U.S.C. § 630(h), and NAFFCCA employed more than twenty employees for each working day in each of twenty or more calendar weeks in the current and preceding calendar years. NAFFCCA is an "employer" as that term is defined in Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

13. NAFFCCA's actions in terminating Plaintiff's employment, but not the employment of a younger employee who had allegedly committed the same alleged offense, was willful and with reckless disregard for Plaintiff's federally protected rights.

22. Defendants' actions, including Defendants' unlawful, willful and discriminatory termination of Plaintiff's employment on account of her protected classification (age), violated the ADEA.

23. Defendants willfully discriminated against Plaintiff on account of her age in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1).

24. As a direct and proximate consequence of Defendants' unlawful and discriminatory employment policies and practices, Plaintiff has suffered a loss of actual and potential income, and

other company-sponsored benefits. Plaintiff has also suffered, as a direct and proximate cause of Defendants' unlawful and discriminatory employment policies and practices, emotional distress, humiliation, embarrassment, great expense and damage to her reputation.

WHEREFORE, Plaintiff demands judgment against Defendant including:

(a) a declaratory judgment, pursuant to 28 U.S.C. § 2201-2202, that Defendants have willfully violated the ADEA;

(b) a money judgment representing compensatory and consequential damages, including back pay, lost wages, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendants;

(c) a money judgment representing liquidated damages for Defendants' willful violations of the ADEA;

(d) a court order that Defendants pay Plaintiff front pay, in an amount to be determined;

(e) punitive damages;

(f) compensatory damages in excess of $150,000;

(g) an award of reasonable attorneys' fees and costs and expenses;

(h) such other legal and equitable relief this Court deems to be just and appropriate.

**Count II (Unpaid Wages Due and Owing Under D.C. Code §§ 32-1303 and 32-1308)**

25. Plaintiff incorporates and realleges paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. At the time of Defendants' termination of Plaintiff's employment with the NAFFCA, Defendants owed Plaintiff unpaid wages of approximately $500.

4

27. Section 32-1303 of the District of Columbia Code requires that whenever an employer discharges an employee, the employer shall pay the employee's wages earned not later than the working day following such discharge in most instances, and in any event no later than four days from the date of discharge.

28. To date, Defendants have not paid such wages to Plaintiff.

29. Pursuant to D.C. Code §1308, Plaintiff is entitled to recover the aforementioned unpaid wages. Plaintiff is also entitled to recover liquidated damages in the amount of 10 per centum of the unpaid wages for each working day from one day subsequent to her termination from NAFFCCA until such time as Defendant has paid these unpaid wages or such time as the Court awards Plaintiff such wages, or the amount of the unpaid wages (whichever amount is smaller). Plaintiff is also entitled to recover attorneys' fees for this claim.

36. This Court has jurisdiction over this specific claim pursuant to D.C. Code § 1308.

WHEREFORE, Plaintiff demands judgment against Defendant:

(a) awarding Plaintiff compensatory damages (the unpaid wages);

(b) awarding Plaintiff liquidated damages;

(c) awarding Plaintiff reasonable attorneys' fees and costs incurred in this action; and

(d) ordering any other legal and equitable relief this Court deems to be just and appropriate.

## Jury Demand

Plaintiff demands a trial by jury.

Dated:  August 30, 2005                    Respectfully submitted,

 

_____
James C. Bailey (D.C. # 462391)
jcb@becounsel.com
Jason H. Ehrenberg (D.C. # 469077)
jhe@becounsel.com
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue N.W.
Suite 1100
Washington, D.C. 20036
Tel: (202) 787-3869
Fax: (202) 318-7071

**Attorneys for Plaintiff**