UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| TONYA COLEMAN LEE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL ASSOCIATION OF )<br>FORMER FOSTER CARE )<br>CHILDREN OF AMERICA, INC. )<br>)<br>Defendant. ) | Case No.: 05cv1737 |

### DEFENDANT'S ANSWER

Defendant the National Association of Former Foster Care Children of America, Inc. ("NAFFCCA"), through counsel, hereby answers plaintiff's complaint. Any allegation not specifically admitted below is hereby denied.

### NATURE OF THE CASE

1. NAFFCCA admits plaintiff brings this action under the ADEA and certain sections of the D.C. code. NAFFCCA denies any unlawful action and any liability to plaintiff. NAFFCCA denies the remaining allegations in paragraph 1.

### JURISDICTION AND VENUE

2. The allegations in paragraph 2 are legal conclusions to which no response is required.

3. The allegations in paragraph 3 are legal conclusions to which no response is required.

## PARTIES AND BACKGROUND

4. NAFFCCA admits plaintiff is a 43 year old adult female. NAFFCCA is without sufficient information to form a belief as to the truth of the allegation concerning plaintiff's current residence and on that basis denies that allegation.

5. NAFFCCA admits plaintiff was employed by NAFFCCA. NAFFCCA denies the remaining allegations in paragraph 5.

6. NAFFCCA admits it does business in the District of Columbia, it holds contracts with agencies of the D.C. government, and it had more than 15 employees since 2000. NAFFCCA denies it is located at the address stated in paragraph 6. The remaining allegations in paragraph 6 are legal conclusions to which no response is required.

7. NAFFCCA admits plaintiff began working for NAFFCCA on or around November 14, 2003. NAFFCCA denies the remaining allegations in paragraph 7.

8. NAFFCCA admits terminating plaintiff's employment subsequent to December 19, 2004. NAFFCCA denies the remaining allegations in paragraph 8.

## COUNT I

9. NAFFCCA incorporates its responses to paragraphs 1-8 as if fully re-stated here.

10. NAFFCCA admits the allegations in paragraph 10.

11. NAFFCCA admits plaintiff filed her charge more than 60 days ago. The remaining allegations in paragraph 11 are legal conclusions to which no response is required.

12. NAFFCCA admits employing more than 20 persons in each of 20 or more calendar weeks in the current and preceding years. The remaining allegations in paragraph 12 are legal conclusions to which no response is required.

13. NAFFCCA denies the allegations in paragraph 13.

14. There are no allegations in paragraph 14.

15. There are no allegations in paragraph 15.

16. There are no allegations in paragraph 16.

17. There are no allegations in paragraph 17.

18. There are no allegations in paragraph 18.

19. There are no allegations in paragraph 19.

20. There are no allegations in paragraph 20.

21. There are no allegations in paragraph 21.

22. NAFFCCA denies the allegations in paragraph 22.

23. NAFFCCA denies the allegations in paragraph 23.

24. NAFFCCA denies the allegations in paragraph 24.

WHEREFORE, NAFFCCA denies plaintiff is entitled to any relief or damages, including the relief sought in sub-paragraphs (a) – (h).

## COUNT II

25. NAFFCCA incorporates its responses to paragraphs 1-24 as if fully re-stated here.

26. NAFFCCA denies the allegations in paragraph 26.

27. The allegations in paragraph 27 are legal conclusions to which no response is required.

28. NAFFCCA denies the allegations in paragraph 28.

29. NAFFCCA denies the allegations in paragraph 29.

30. There are no allegations in paragraph 30.

31. There are no allegations in paragraph 31.

32. There are no allegations in paragraph 32.

33. There are no allegations in paragraph 33.

34. There are no allegations in paragraph 34.

35. There are no allegations in paragraph 35.

36. The allegations in paragraph 36 are legal conclusions to which no response is required.

WHEREFORE, NAFFCCA denies plaintiff is entitled to any relief or damages, including the relief sought in sub-paragraphs (a)-(d).

## AFFIRMATIVE DEFENSES

As affirmative defenses to the complaint, NAFFCCA alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation, failure to exhaust administrative remedies, and jurisdictional prerequisites to suit.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or reduced by her failure to mitigate the alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by estoppel, release, laches, set-off, or waiver.

## FIFTH AFFIRMATIVE DEFENSE

At all times relevant hereto, NAFFCCA acted in good faith and has not violated any rights that may be secured to plaintiff under any federal, state, or local laws, rule, regulations or guidelines.

## SIXTH AFFIRMATIVE DEFENSE

Any and all actions taken by NAFFCCA with respect to plaintiff's employment or the terms and conditions thereof were based upon legitimate nondiscriminatory business reasons and were taken without regard to age.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent discovery may show plaintiff engaged in misconduct during her employment.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or any recovery of damages is precluded because NAFFCCA exercised reasonable care to prevent and correct promptly any allegedly discriminatory behavior.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or any recovery of damages is precluded because plaintiff unreasonably failed to take advantage of NAFFCCA's preventive or corrective opportunities or to avoid harm otherwise.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for unpaid wages is barred and or recovery of certain damages is precluded because the alleged wages at issue are the subject of a bona fide dispute.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that the alleged discrimination was engaged in by employees acting outside the scope of their employment.

WHEREFORE, NAFFCCA respectfully requests plaintiff's claims be dismissed and the Court assess attorney's fees and any further relief it deems necessary.

                                                Respectfully submitted,

                                                **JACKSON LEWIS LLP**

December 1, 2005                             By: _____/s/_____
                                                John M. Remy (D.C. Bar No.461244)
                                                8614 Westwood Center Drive, Suite 950
                                                Vienna, Virginia 22182
                                                (703) 821-2189
                                                (703) 821-2267 (fax)
                                                *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I CERTIFY on December 1, 2005, a copy of the foregoing *Answer* was faxed and mailed, first-class mail, postage prepaid, to:

James C. Bailey
Bailey & Ehrenberg PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
Counsel for Plaintiff


_____/s/_____
John M. Remy